In 1983, defendant Hal Chipman pleaded guilty to attempted rape. In June 1997, the Department of Rehabilitation and Correction recommended that defendant be adjudicated a sexual predator pursuant to H.B. 180. The court conducted a hearing in defendant's presence, overruled his objections to the constitutionality of H.B. 180, and found by clear and convincing evidence that defendant was likely to engage in the future in one or more sexually oriented offenses.
Nearly all the assignments of error relating to the constitutionality of the sexual predator law have been raised in identical form in other appeals and decided adversely to defendant either by the Supreme Court of Ohio or this court. Hence, we summarily overrule the first, second, fourth, fifth, sixth, seventh, eight, ninth, tenth and eleventh assignments of error. See State v. Cook (1998), 83 Ohio St.3d 404; State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
The third assignment of error raises the substantive issue whether the state presented clear and convincing evidence of a nature that was sufficient to show that he is likely to engage in the future in one or more sexually oriented offenses.
A sexual predator is defined in R.C. 2950.01 (E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09 (B) (3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B) (1) of this section and the factors specified in division (B) (2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *
The statute requires the court to find by clear and convincing evidence that an offender is "likely to" commit a sexually oriented offense in the future. Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future.
The factors the court must consider when making a sexual predator determination are set forth in R.C. 2950.09 (B) (2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C. 2950.09 (B) (2). "The statute does not require the court to list the criteria, but only to "consider all relevant factors, including' the criteria in R.C. 2950.09 (B) (2) in making his or her findings." Cook, 83 Ohio St.3d at 426.
The evidence presented by the state at the R.C. 2950.09 (B) (1) hearing consisted solely of the victim's statement to the police. The fifteen year old victim had a sister who was married to defendant. Defendant was nineteen years old at the time. The victim had been staying with her sister. On the night of the offense, defendant had been drinking beer and told the victim to drink her sister's beer. The victim did not like the beer so she only drank a sip. Defendant said that he was going to the store and asked the sister if she wanted anything. The sister asked defendant to buy her some cough drops and told the victim to accompany defendant to the store and watch him "because he is always taking off." As the victim and defendant left, he told her he needed to check something in the basement of the apartment building. Once there, he pulled a knife from his boot, held it to the victim's throat and forcibly raped her. When finished, defendant told the victim he would kill her if she told her sister. The victim told the police that she had stayed with her sister the summer before and defendant was drunk and tried to put his arm around her and "fool around." The victim rebuffed his advance and did not stay with her sister again until just days before defendant attacked her.
The court considered this statement and found present several factors set forth in R.C. 2950.09 (B) (1) — the age of the victim (fifteen years old), an "attempted" impairment by asking the victim to drink a beer, a demonstrated pattern of attempted abuse (the earlier incident where defendant made a pass at the victim), and the threat of cruelty by threatening to kill the victim if she told anyone about the rape. The court also noted for the record that defendant had a prior conviction for breaking and entering, but the court gave that factor little weight. The court gave particular weight to the age of the victim, finding it "always of grave concern to the court."
When reviewing sexual predator determinations, we have been particularly careful to note that the sexual predator law is not a "one strike and you're out" statute. State v. Ward, supra,
unreported at 12. In other words, the mere existence of a sexually oriented offense does not automatically mean an offender should be adjudicated a sexual predator. Under some circumstances, however, a single conviction can support a sexual predator adjudication if there is additional evidence or other compelling facts to suggest the likelihood of recidivistic, sexually oriented behavior. Ward, supra, at 12; State v. Stubbs
(Feb. 25, 1999), Cuyahoga App. No. 72661, unreported at 7, citingState v. Ferris (Sept. 8, 1998), Warren App. No. CA98-03-035, unreported; State v. O'Conner (Apr. 9, 1999), Cuyahoga App. No. 73848, unreported at 8.
Although the court considered the available factors under R.C.2950.09 (B) (1) when deciding to adjudicate defendant a sexual predator, we do not find they show by clear and convincing evidence that defendant is likely to commit in the future another sexually oriented offense. Defendant had no prior sexually oriented convictions and the only other conviction shown in the record was a breaking and entering conviction.
The court believed defendant attempted to impair the victim with beer, but that characterization is somewhat exaggerated. When the police asked the victim if defendant had been drinking on the night of the offense, the victim stated, "Hal was drinking beer, but I don't know how much. [The sister] had a beer and Hal told me to drink it, so I tasted it, but I didn't like it. I just had a sip." This statement shows the victim's sister (defendant's wife) had been present at the time he told her to drink her sister's beer, and it is not a foregone conclusion that defendant would be so bold as to try to impair the victim in the presence of his wife. In any event, no impairment had been shown as the victim told the police she only had "a sip" of the beer. We cannot readily conclude that defendant tried to impair the victim with beer in such a way that it shows defendant might be likely to commit another sexually oriented offense in the future.
The court also thought that defendant's prior attempt to "fool around" with the victim might suggest a pattern of abuse, but we disagree. It is true that the victim told the police defendant had made a drunken pass at her over a year before the offense, but the victim quickly rebuffed defendant's advance and the victim gave no indication that any more advances occurred until the night of the attempted rape. We do not believe the facts of this case suggest that a single drunken pass at a victim constitutes a pattern of abuse as contemplated by the statute or that defendant would be likely to use that pattern again in the future.
This leaves two factors: the age of the victim and defendant's cruelty during the commission of the offense. The court gave great weight to the victim's age, finding it a "grave concern." We, too, agree that the age of the victim is an important consideration, yet we have held that the presence of only one factor like the age of the victim, standing alone, does not constitute clear and convincing evidence that an offender is likely to commit another sexually oriented offense in the future.See, e.g., State v. Gray (Mar. 4, 1999), Cuyahoga App. No. 72940, unreported. Although the victim was fifteen years old, we recognize that defendant himself was likewise a teenager when he committed the offense. The relative closeness in age between the offender and the victim does not strike us as particularly compelling under the circumstances. The statute's directive to consider the ages of both the victim and offender suggests that they be considered in relation, not in isolation. Some circumstances might indicate a mental illness like pedophilia or even gerontophilia, but neither disorder is present, and there is no evidence to show by clear and convincing evidence that defendant had a psychological motivation to commit another sexually oriented offense against a victim within a particular age group.
Finally, while we agree that defendant exhibited a form of cruelty by threatening to kill the victim if she told her sister about the offense, see State v. Senyak (Feb. 11. 1999), Cuyahoga App. No. 72611, unreported, this factor is not clear and convincing evidence to show that defendant is likely to commit another sexually oriented offense in the future. The threat occurred after defendant completed the offense and did not deter the victim from reporting the attempted rape to her sister as soon as practicable. While not an insignificant act, defendant's threat does not convince us that it would make him more likely to commit a sexually oriented offense in the future.
For these reasons we find the court lacked clear and convincing evidence to declare defendant a sexual predator under R.C.2950.09 (C). The third assignment of error is sustained.
Judgment vacated.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., PATRICIA A. BLACKMON, J., CONCUR.
 _____________________________ JUDGE JOHN T. PATTON